IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| CHRISTINE A. OPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 6120 |
| vs. ) | |
| ) | |
| THE OFFICE OF THE STATE'S ) | Judge Bucklo |
| ATTORNEY OF COOK COUNTY, an ) | |
| agency of the State of Illinois, and ) | Magistrate Judge Cox |
| THE COUNTY OF COOK, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

NOW COMES the Plaintiff, CHRISTINE A. OPP, by and through her attorneys, HOLMAN & STEFANOWICZ, LLC and hereby responds to Defendants', THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, an agency of the State of Illinois and THE COUNTY OF COOK, Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Procedure 12(b)(6), as follows:

I.  **INTRODUCTION.**

Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint contends that the Plaintiff, Christine A. Opp ("Opp"), is an exempt employee under the ADEA as a matter of law. (Def. Memo. p. 2.) If Defendants' contention is correct then Opp -- and the other Assistant State's Attorneys in Illinois that number in the thousands -- would be prohibited from filing a claim against the Defendants for any type of violation under the

ADEA and Title VII.[1] Clearly, the purposes of ADEA and Title VII do not support such a comprehensive exemption.

OPP is an employee under the ADEA since she does not coincide with any of the employee exemption provisions under the ADEA. The facts as presented in the First Amended Complaint, the statutory language and legislative history, and the existing case law all support the denial of the Defendants' Motion to Dismiss.

## II. BACKGROUND FACTS.

Opp was hired as an Assistant State's Attorney for Cook County on or about January 16, 1997. (First Amend. Cmplt. ¶ 8; attached hereto as "Exhibit A.") From May 2004 until March 2, 2007 -- the date of Opp's wrongful termination -- Opp worked in a Preliminary Hearings Courtroom for the Sixth District's Criminal Prosecutions Office in Markham, Illinois. (First Amend. Cmplt. ¶ 9.) At the time of her termination, Opp's immediate supervisor was Sixth District Supervisor, David P. Sabatini. (First Amend. Cmplt. ¶¶ 14-15.)

As clearly alleged in the First Amended Complaint, Opp was an employee as defined under the ADEA and was not an exempt member of the immediate personal staff of the Defendant, State's Attorney, and/or an immediate advisor to the Defendant, State's Attorney, and/or an appointee on the policy making level of the Defendant, State's Attorney. (First Amend. Cmplt. ¶ 32.)

---

[1] The ADEA and Title VII contain the same definition of "employee." See, 42 U.S.C. § 2000e(f); 29 U.S.C. § 630(f).

### III. MOTION TO DISMISS STANDARD.

When considering a motion to dismiss, the District Court must review a complaint liberally, taking true all well-pled allegations and the inferences drawn from them. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Any ambiguities arising in the complaint are construed in favor of the plaintiff. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is **only** appropriate when it appears beyond doubt that no set of facts can support or prove the allegations in plaintiff's claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004); *Sapperstein*, 188 F.3d at 855.

### IV. ARGUMENT.

#### A. The Determination of Whether OPP is an Employee Under the ADEA is a Factual Question.

Defendants incorrectly argue that the issue of whether Opp, as an Assistant State's Attorney, is an exempt employee as defined under the ADEA is a question of law and should be decided on a Motion to Dismiss. (Def. Memo. pg. 2.) To the contrary, determining whether an employee falls within the ADEA's exemptions is a question of fact. See, *Soderbeck v. Burnett County*, 752 F.2d 285, 288-289 (7th Cir. 1985)(The Court refused to determine as a matter of law that the employee was a policy-maker for purposes of the 'employee exemption.'); *Rosenthal v. Rizzo*, 555 F.2d 390, 393 fn 4 (3rd Cir. 1977)(Since there is not a clear line between policy-making and nonpolicy-making positions, the determination of an employee's status as a policy-maker presents difficult

factual questions.); *Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985)("[T]he highly factual nature of the determination of the 'personal staff' exception does not lend itself well to disposition by summary judgment."); *Brewster v. Barnes*, 788 F.2d 985, 990 (4th Cir. 1986)(The court refused to decide that **all** deputy sheriffs were exempt employees, explaining that whether an employee was exempt should be determined on a case by case basis involving careful examination of the employee's role.); see also, *EEOC v. Sidley Austin Brown & Wood*, 315 F.3d 696, 707 (7th Cir. 2002)(The Court refused to make a determination regarding whether a partner for the defendant was an employee within the meaning of the ADEA until the plaintiff's subpoena for documents was complied with.)

This Honorable Court's holding in *Deneen v. City of Markham*, 62 Empl. Prac. Dec. P42,490 (N.D. IL 1993), supports the conclusion that whether Opp is an exempt employee under the ADEA is a factual question, and thus, is an inappropriate basis to support a Motion to Dismiss. (A copy of *Deenan* is attached hereto as "Exhibit B.") In *Deneen*, this Honorable Court held that there was a triable issue of fact over whether the deputy fire chief position falls under the exemptions of an "employee" for purposes of Title VII. *Id.*

Accordingly, the determination of whether OPP is an exempt employee within the meaning of the ADEA is a factual question, and thus, is inappropriate to be determined as a matter of law in a Motion to Dismiss. Moreover, as discussed below, OPP was an employee within the meaning of the ADEA.

### B. OPP is an Employee as Defined in the ADEA.

Opp, as an Assistant State's Attorney, does not fall within one of the following four exemptions to the definition of employee under the ADEA:

(1) any person elected to public office in any State of political subdivision of any State by the qualified voters thereof;

(2) any person chosen by such officer to be on such officer's personal staff;

(3) an appointee on the policy making level; or

(4) an immediate advisor with respect to the exercise of constitutional or legal powers of the office. 29 U.S.C. § 630(f).

In their Motion to Dismiss, Defendants are unclear as to which exemption applies to Opp. See, (Def. Memo pg. 2)(Defendants imply that Opp falls within the exemption for the State's Attorneys' personal staff.); see also (Def. Memo pgs. 3-6)(Defendants argue that Opp is an appointee on the policy-making level.) Due to the Defendants' confusion as to which exemption applies to Opp, the Plaintiff will address both below.

### i. OPP is Not a Member of the State's Attorney's Personal Staff.

The Court should consider the following factors in determining whether an individual falls within the personal staff exemption to the definition of an employee:

1) Whether the elected official has the plenary powers of appointment and removal;

2) Whether the person in the position at issue is personally accountable to only that elected official;

3) Whether the person in the position represents the official in the eyes of the public;

4) Whether the elected official exercises considerable amount of control over the position;

5

    5)    The level of the position within the organization's chain of command; and

    6)    The actual intimacy of the working relationship between the elected official and the person filling the position.

*Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985.) Congress intended for this exemption to "apply only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official." *Id.*; *Brewster*, 788 F.2d at 990-991; see also 118 Cong. Reg. 4492-93 (1972)(The purpose of this exemption is for those individuals "who are in a close personal relationship and an immediate relationship with him.") Members of personal staff include only persons who are under the direct supervision of the selecting official and typically do not include individuals who are directly supervised by someone other than the elected official, even though they may have been selected by the official. See, *Brewster*, 788 F.2d at 990-991. In *Deneen*, this Honorable Court stated that "[w]here an appointee such as Markham's deputy fire chief is accountable to someone other than the appointing elected official, that appointee does not serve at the exclusive pleasure of the elected official." *Deneen*, 62 Empl. Prac. Dec. P42,490.

    OPP's position as an Assistant State's Attorney for a preliminary hearing courtroom at the Markham Courthouse does not meet the requirements for the personal staff exemption. OPP was not directly supervised by the elected State's Attorney, nor did OPP have a close working relationship with the elected State's Attorney. (See, First Amend. Cmplt. ¶¶ 14-15.) Opp's immediate supervisor was Sixth District Supervisor, David P. Sabatini. (First Amend. Cmplt. ¶¶ 14-15.) Accordingly, OPP was not a

member of the State's Attorney's personal staff and is not exempt as an employee under the ADEA.[2]

### ii. OPP is Not an Appointed Policy-Maker.

In order for an individual to fall within the appointed policy-maker exemption, said individual needs to be directly appointed by -- "chose by" -- the elected official **and** needs to have policy-making authority. See, *O'Neill v. Indiana Comm. On Pub. Records,* 149 F.Supp.2d 582, 587 (S.D. Ind. 2001) *citing*, 118 Cong. Rec. 4492-93 (1972):

> The exemption for policy making advisors . . . **is narrowly construed and intended to cover only those appointees who are chose by** the Governor or mayor or the county supervisor, whatever the elected official is, and who are in a close personal relationship and an immediate relationship with him. (Emphasis added.)

OPP was not directly appointed -- "chose by" -- by the elected State's Attorney. (See, First Amend. Cmplt. ¶¶ 8-9); see also *Trancello v. Frey*, 962 F.2d 244, 251 (2nd Cir. 1992)(Holding that a deputy state prosecutor who had been appointed by a county attorney did not fall within exception for appointees.); *Levin v. Madigan*, 2008 U.S.Dist.LEXIS 84616 at *11-14 (N.D. Ill. 2008)(Employee exemption does not apply when employee was not hired by elected official.)(A copy of this case is attached hereto as "Exhibit C."); *Pahmeier v. Marion Community Schools*, 2006 U.S.Dist.LEXIS 29359 *4 (N.D. Ind. 2006)(Holding that an "appointee on a policy-making level" must be appointed by an elected official.)(A copy of this case is attached as "Exhibit D."); *Braaksma v. Wells Community Hosp.*, 98 F.Supp.2d 1026, 1029 (N.D. Ind. 2000) (Exception only applies to those appointed by the elected official.); *Mareno v. County of*

---

[2] Moreover, as stated *supra*, the determination of whether OPP is a member of the elected official's personal staff is a factual determination that should not be determined on a motion to dismiss. See, *Teneyuca*, 767 F.2d at 151.

7

*Westchester*, 58 Fair Empl. Prac. Cas. (BNA) 1361 (S.D. NY 1991)(The elected officials of Westchester County did not play any role in selecting the assistant county attorneys, thus, the assistant county attorneys were not 'chosen by' the elected official for purposes of employee exemption.)(A copy of this case is attached hereto as "Exhibit E.") Clearly, the cited case law supports the conclusion that OPP is not an appointee within the meaning of this exemption.

Additionally, Opp did not have policy-making authority within the meaning of this exemption. The purpose of the exemption was to "exempt elected officials and members of their personal staffs, and persons appointed by such elected officials as advisors or to policymaking positions at the **highest levels** of departments or agencies of State or local governments, such as cabinet officers. . . ." *O'Neill*, 149 F.Supp.2d at 587 *quoting* H.R. REP. NO. 92-238, Joint Explanatory Statement of Managers as the Conference on H.R. 1746 (1972), *reprinted in* 1972 U.S.C.C.A.N. 2180 (Emphasis added.) To determine whether the individual's position has policy-making authority the Court should review whether the position authorizes the individual to have "meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Vargas –Harrison v. Racine Unified School District*, 272 F.3d 964, 972 (7th Cir. 2001). "In applying this criterion, however, it is necessary to go beyond labels to consider the nature of the responsibilities in question." *Id.* The court should examine and evaluate the individual's actual job duties. *Id.*

As an attorney in a preliminary hearing courtroom at the Markham courthouse, Opp did not have "input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Vargas*, 272 F.3d at

972. Opp was also not in a position at the "highest level" of the State's Attorney's office. See, *Rabouin v. Colorado Dept. of Law*, 754 F.Supp. 171, 174 (CO 1990):

> The Court determined that the plaintiff, an assistant attorney general, was not an exempt employee because she was a junior level attorney, she was several supervisory levels below the Attorney General, she had minimal contact with the Attorney General, and as she was one of some 140 staff attorneys she could hardly be considered a 'first-line advisor' with policy-making authority.

Additionally, Opp's job duties did not put her in a position to implement policies for the State's Attorney's Office. See, *Mareno*, 58 Fair Empl. Prac. Cas. (BNA) 1361 (Assistant county attorney was not in executive policy-making position, *i.e.* a cabinet officer, so he was not an exempt employee.)

The Defendants' attempt to argue that OPP has policy-making authority because Assistant State's Attorneys possess the power to act in the same manner and to the same effect as the elected State's Attorney is misplaced. (See, Def. Memo. pg. 3.) The mere possibility that the employee may perform duties within the scope of the personal staff or policy-making exemptions is not enough to warrant exempt status. *Deneen*, 62 Empl. Prac. Dec. P 42,490. Accordingly, Opp was not at a policy-making position within the State's Attorney's Office for the "appointed policy-maker" exemption to apply in this case.[3]

---

[3] Moreover, the determination of whether Opp's job duties subject her to the policy-making exemption is a factual inquiry, which is inappropriate for a Motion to Dismiss. See, *Soderbeck*, 752 F.2d at 288-289. ("Because the unique characteristics of a job will often influence this determination, an individual's status as a policy-making employee frequently poses a question of fact."); see also, *Vargas*, 272 F.3d at 972.

### C. Pursuant to Illinois Statute, Assistant State's Attorneys Are Expressly Authorized To Make Claims Under The ADEA.

Illinois State's Attorneys are state employees. *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995)(stating that State's Attorneys are "clearly state employees"); see also *The Office of the Lake County State's Attorney v. The Illinois Human Rights Commission*, 235 Ill.App.3d 1036, 1043 (2nd Dist. 1992)(holding that the Office of the State's Attorney is the legal equivalent of the state itself.). In 2004, Illinois passed a statute, which specifically allowed state employees to file suits against their employers for violations of the ADEA:

> "An employee, former employee, or prospective employee of the State who is aggrieved by any conduct or action or inaction of the State that would constitute a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621, et seq., as amended, if committed by an employer covered by that Act may bring an action under the Age Discrimination in Employment Act of 1967 against the State in State circuit court or federal court." 745 ILCS 5/1.5(a).

Thus, Assistant State's Attorneys, including Opp, are explicitly authorized to file claims for violations of the ADEA against the State's Attorney's Office.

Ironically, the Defendants relied on this exact statute in withdrawing a portion of their First Motion to Dismiss, when the Defendants recognized that the statute waived its immunity claim. As a result, the Defendants are now in the dubious position of arguing that the statute specifically authorizes Opp to file an ADEA claim against the State's Attorney's Office, but that the ADEA is inapplicable to Opp. The Defendants' position is specious.

### D. Alternatively, Previously Exempt State Employees are Entitled to Pursue ADEA Claims Against Their Employers.

In 1991, Congress added a provision to Title VII entitled "*Coverage of Previously Exempt State Employees*" which allows employees who previously fell within the employee exemptions to file claims against their state employers. See, 42 U.S.C. § 2000e-16c(a)-(b). As established hereinabove, Plaintiff Opp is **NOT** an exempt state employee under the ADEA. However, if the Court were to conclude that Opp was an exempt state employee, Opp's ADEA against the Defendants would survive under the provisions of the "*Coverage of Previously Exempt State Employees.*" 42 U.S.C. § 2000e-16c(a)-(b).

### V. CONCLUSION.

Although not clear as to what exemption allegedly applies to Plaintiff Opp, Defendants' Motion to Dismiss contends that Opp is an exempt state employee under the ADEA. If the Defendants contention is true, than thousands of Assistant State's Attorneys in Illinois would be prohibited from pursuing claims under Title VII and the ADEA for alleged violations by their employer. Clearly, the drafters of the employee exemptions did not intend to include Opp, who worked as an Assistant State's Attorney in a Preliminary Hearings Courtroom for the Sixth District's Criminal Prosecutions Office in Markham, Illinois in these exemptions.

It is inconceivable how Opp would fall within the personal staff exemption to the definition of an employee under the ADEA. Under no set of facts can Opp be considered a member of the personal staff of Richard A. Devine or Anita Alvarez. At the time of her

termination, Opp's immediate supervisor was Sixth District Supervisor, David P. Sabatini.

It is equally disbelieving that Opp falls within the appointed policy-maker exemption. It is clear that OPP was not directly appointed -- "chose by" -- by the elected State's Attorney. Moreover, as an attorney in a preliminary hearing courtroom at the Markham courthouse, Opp was not in a "policy-making" position.

It is obvious that Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint is just another example of the Defendants' misguided attempt to avoid liability under the ADEA. In the Defendants' First Motion to Dismiss, the Defendants contended that they were entitled to immunity from the Plaintiff's ADEA claim. Upon Defendants' late discovery of the Illinois Statute waiving its immunity, 745 ILCS 5/1.5(a) (2004), the Defendants asked this Court to withdraw their immunity argument. In its current Motion to Dismiss, the Defendants contend that despite the statute that specifically authorizes Opp to file an ADEA claim against the State's Attorney's Office, the ADEA is inapplicable to Opp because she is an exempt employee under the ADEA. The Defendants' new contrived theory must also fail.

WHEREFORE, the Plaintiff, CHRISTINE A. OPP, requests that this Honorable Court deny the Defendants' THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, an agency of the State of Illinois and THE COUNTY OF COOK, Motion to Dismiss Plaintiff's First Amended Complaint, and for any other relief that this Court deems just and proper.

                                                  Respectfully submitted,
                                                  PLAINTIFF

                                                  s/      Tara Beth Davis
                                                  _____
                                                  HOLMAN & STEFANOWICZ, LLC
                                                  By: One of her attorneys

Brian R. Holman
Dennis H. Stefanowicz, Jr.
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(312) 258-9700