IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CHRISTINE A. OPP,**       )
                            )
    Plaintiff,           )
                            )
  v.                        )   No. 08 C 6120
                            )
**THE OFFICE OF THE STATE'S ATTORNEY** )
**OF COOK COUNTY, an agency of the**   )
**State of Illinois, and THE COOK**    )
**COUNTY BOARD OF COMMISSIONERS in**   )
**their official capacity,**           )
                            )
    Defendants.          )

## MEMORANDUM OPINION AND ORDER

In this action, plaintiff seeks redress under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA") for the allegedly unlawful termination of her employment as an Assistant State's Attorney ("ASA") in the Office of the State's Attorney of Cook County ("OSA"). Defendants have moved to dismiss the action on the ground that plaintiff is excluded from ADEA's coverage as a matter of law. For the reasons that follow, their motion is granted.

I.

I recently examined the central issue raised in this case in *Bervid v. Alvarez*, ---F.Supp.2d.---, 2009 WL 2602450 (Aug. 20, 2009). In that case, as in this one, a former Cook County ASA whose age qualified him as a member of ADEA's protected group challenged the proffered basis for his termination--that budget cuts required

a reduction in workforce--and claimed that unlawful age discrimination was his employer's true motive.[1] OSA and Cook County (who were among the defendants named in *Bervid*), argued in that case that the plaintiff was excluded from ADEA's definition of "employee" because he was "an appointee on the policy making level" of the State's Attorney. I agreed, concluding that the "political patronage" analysis established in *Elrod v. Burns*, 427 U.S. 347 (1976) and *Branti v. Finkel*, 445 U.S. 507, (1980) set forth the relevant analytical framework, *Bervid*, 2009 WL 2602450 at *3, and that the Seventh Circuit's analysis of these cases in *Americanos v. Carter*, 74 F.3d, 138 (7th Cir. 1996), *Heck v. City of Freeport*, 985 F.2d 305 (7th Cir. 1993), and *Livas v. Petka*, 711 F.2d 798 (7th Cir. 1983), coupled with its discussion in *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995), of the office and powers of ASAs under Illinois law, compel the conclusion that Cook County ASAs fall within ADEA's "policymaking" exemption as a matter of law. *Bervid*, 2009 WL 2602450 at *5.

There is no need to revisit my analysis in *Bervid* in full, as the import of the foregoing authorities can be summarized into a few controlling principles: First, the question of whether a plaintiff's position is a "policymaking" one for the ADEA's purposes focuses on "the 'powers inherent in a given office,' rather than the actual functions the occupant of that office performed." *Americanos*, 74

---

[1]This is the gravamen of plaintiff's claim as well.

F.3d at 141 (quoting *Heck*, 985 F.2d at 309, in turn quoting *Tomczak v. City of Chicago*, 765 F.2d 633, 641 (7th Cir.1985)). Second, a State's Attorney has broad discretion "to set whatever policies he or she believes necessary," and these policies are necessarily implemented by Assistant State's Attorneys, who may, in carrying out their duties, "make some decisions that will actually create policy." *Livas*, 711 F.2d at 801. In fact, "[u]nder Illinois law Assistant State's Attorneys are surrogates for the State's Attorney. Assistant State's Attorneys 'possess the power in the same manner and to the same effect as the State's Attorney.'" *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995)(quoting *People v. Tobias*, 125 Ill.App.3d 234, 242, 465 N.E.2d 608, 615 (1984)). In short, regardless of their actual, day-to-day job functions, ASAs in Illinois are deemed to hold policymaking positions for ADEA's purposes as a matter of law.

Although defendants rely on the foregoing cases, plaintiff makes no attempt to distinguish them. Instead, she insists that her job duties did not, in fact, put her in a position to implement policies for OSA, and that her allegations in this respect are sufficient to survive defendants' motion. Plaintiff relies on four cases--*Tranello v. Frey*, 962 F.2d 244 (2nd Cir. 1992), *Levin v. Madigan*, 07 C 4765, 2008 WL 4287778 (N.D. Ill., Sept. 12, 2008) (Coar, J.), and *O'Neill v. Indiana Commission on Public Records*, 149 F.Supp.2d 582 (S.D.Ind.2001), and *Pahmeier v. Marion Community Schools*, No. 1:04-CV-365-TS, 2006 WL 1195213 (N.D.Ind., May 1, 2006)

3

(Springmann, J.)--which I examined at length in *Bervid* and concluded offer no escape from the principles articulated above.  Plaintiff also cites a handful of other cases, none of which persuades me that her claim is viable, in this Circuit, on the facts alleged.

Similarly uncompelling is plaintiff's argument that the Illinois statute authorizing state employees to bring ADEA claims against the state brings her within the scope of the ADEA's definition of "employee."  This argument lacks logical coherence: while it is true that the state statute authorizes ADEA suits that would otherwise be barred by sovereign immunity, it does nothing to broaden the scope of ADEA's coverage, which turns on other aspects of state and federal law.

Finally, plaintiff raises, but does not develop, the argument that her claim may proceed under the Government Employee Rights Act ("GERA"), an amendment to Title VII enacted in 1991.  Plaintiff makes no effort to explain, in the seven lines of text she devotes to this argument,[2] how GERA might affect the Seventh Circuit's analysis in *Americanos*, *Heck*, *McGrath*, or *Livas*, most of which were

---

[2]Plaintiff's argument reads, in its entirety, "In 1991, Congress added a provision to Title VII entitled '*Coverage of Previously Exempt State Employees*' which allows employees who previously fell within the employee exemptions to file claims against their state employers. See, 42 U.S.C. § 2000e-16c(a)-(b). As established hereinabove, Plaintiff Opp is **NOT** an exempt state employee under the ADEA.  However, if the Court were to conclude that Opp was an exempt state employee, Opp's ADEA (sic [claim]) against the Defendants would survive under the provisions of the '*Coverage of Previously Exempt State Employees.*' 42 U.S.C. § 2000e-16c(a)-(b)." (Original emphasis)

decided after GERA became effective but made no mention of it. In any event, however, defendants raise a colorable jurisdictional argument: the amended complaint does not claim to have complied with the administrative procedures that are a prerequisite to federal judicial review of GERA claims. *See Guy v. State of Illinois*, 958 F.Supp. 1300, 1306 (N.D. Ill., 1997) ("federal district court only has jurisdiction to review administrative determinations once the issues have been hashed out at the administrative level.") Accordingly, plaintiff's skeletal GERA argument does not save her amended complaint from dismissal.

In short, I am again persuaded, as I was in *Bervid*, that Cook County ASAs are exempt from ADEA because they hold policymaking positions as a matter of law.

II. Conclusion

For the foregoing reasons, defendants' motion is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 8, 2009